UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald D. Jackson,   Case No. 3:16-cv-757

    Plaintiff

    v.   MEMORANDUM OPINION

Commissioner of Social Security,

    Defendant

Plaintiff Ronald Jackson sought judicial review of the Commissioner's final decision denying his applications for Disability Insurance Benefits and Supplemental Security Income. On January 26, 2017, Magistrate Judge Kathleen Burke issued her Report and Recommendation recommending the Commissioner's decision be reversed and remanded for further proceedings consistent with that opinion. (Doc. No. 17). In the absence of any objections by either side, I adopted the Report and Recommendation as the order of this Court. (Doc. Nos. 19 and 20).

This matter is now before me on Plaintiff's motion and application for attorney fees pursuant to the EAJA (Doc. No. 21) and the Defendant's response. (Doc. No. 22). For the reasons stated below, the Plaintiff's motion is denied.

## I. MOTION FOR ATTORNEY FEES UNDER THE EAJA

Under the Equal Access to Justice Act, 28 U.S.C. § 2412, a court shall award a plaintiff attorney fees when the plaintiff is a prevailing party in a lawsuit against the government, unless the government's position is substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The plaintiff may recover "reasonable attorney fees . . . based upon

prevailing market rates for the kind and quality of services furnished"; an attorney's requested hourly rate may not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

In this case, the parties do not dispute the Plaintiff is a "prevailing party" or that special circumstances exist which warrant denying relief. *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *DeLong v. Commissioner of Social Sec. Admin.*, 748 F.3d 723, 735 (6th Cir. 2014). The crux of this analysis, therefore, centers on whether the Defendant's opposing position was without substantial justification.

The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

As noted by another court in this district:

> A careful distinction must be drawn between a lack of substantial *evidence*, which results in remand to the agency, and lack of substantial *justification*, which results in an award of attorney's fees to the prevailing party in such an action. *See Jankovich*, 868 F.2d at 870. The Sixth Circuit Court of Appeals elaborated on this distinction:
>
>> The government's position "can be justified even though it is not correct . . ., and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." [Pierce v. Underwood, 487 U.S.] at 566 n. 2, 103 S.Ct. 2541. As this court has noted, "[t]he fact that we f[ind] that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted).

*Olive v. Commissioner of Social Security*, 534 F.Supp.2d 756, 758-59 (N.D. Ohio 2008) (finding the claimant was a prevailing party but finding the government's position was substantially justified), citing *Noble v. Barnhart*, 230 Fed. Appx. 517, 519 (6th Cir. 2007). (Emphasis in original).

2

In her forty-one page Report and Recommendation, the Magistrate Judge took into account the Plaintiff's procedural history, personal and vocational evidence, relevant medical evidence, medical opinion evidence, and testimonial evidence. Ultimately, she determined the following:

> [T]he Administrative Law Judge ("ALJ") erred when she disregarded the opinion of Jackson's treating cardiologist that he would need to avoid magnetic fields due to his implanted defibrillator. Specifically, the ALJ (1) failed to adequately explain why she did not give controlling weight to the treating physician's magnetic field restriction; and (2) erred when she determined, without the support of vocational expert testimony or any other substantial evidence, that a magnetic field restriction would not affect the job base or job numbers identified by the vocational expert. As a result, the undersigned recommends that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.[1]

(Doc. No. 17 at pp. 1-2).

Having carefully read the Magistrate Judge's entire Report as well as the parties' submissions, the purpose of the remand is to clarify the record on two issues. The first is as to Plaintiff's cardiologist, Dr. Quan, and directing the ALJ to "reassess the magnetic field restriction and give this restriction controlling weight or explain why she does not give this restriction controlling weight in a manner that is consistent with the regulations." (Doc. No. 17 at p. 31). Second and assuming the "the ALJ gives controlling weight to the magnetic field restriction in Dr. Quan's opinion and includes a magnetic field restriction in her RFC assessment, she should consult a VE who has or can obtain knowledge on the subject to determine what effect, if any, a magnetic field restriction would have on the job base identified by the VE." (*Id.* at p. 39).

The remand is for clarification and "does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Magistrate Judge provided clear guidance on the evidence necessary to support the ALJ's decision on this issue. As I

---

[1] "The recommendation for remand in this case is only with respect to the ALJ's treatment of the magnetic field restriction at steps four and five. In all other aspects of the ALJ's decision are supported by substantial evidence and should, therefore, be affirmed."

3

find the Commissioner's position was reasonable both in law and in fact, the Plaintiff is not entitled to attorney fees under the EAJA.

## II. Conclusion

For the reasons stated above, I find the Plaintiff's motion for attorney fees (Doc. No. 21) is denied.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge